■ LONG ISLAND RAILROAD COMPANY, Respondent-Appellant, v NATPERISK, INC., Formerly Known as NATIONAL PREFERRED RISKS, INC., et al., Appellants-Respondents, et al., Defendant. (And a Third-Party Action.)—Order, Supreme Court, New York County (William J. Davis, J.), entered October 16, 1991, which, insofar as appealed from, denied defendants' motion to amend their answer to assert the affirmative defenses of impossibility of performance and frustration of

contract, but granted such motion to the extent leave was sought to assert an affirmative defense that plaintiff is not the real party in interest, unanimously modified, on the law, to deny the motion in its entirety, and otherwise affirmed, without costs.

Defendants, insurance brokers, contractually undertook to procure insurance for plaintiff covering liability arising out of operation of its railroad stations. In particular, the insurance was to be non-cancellable except for non-payment of premiums. In fact, the policy procured by the brokers did not contain a waiver of the cancellation clause, and was cancelled within one year after it became effective. Plaintiff sued for the increased premiums it had to pay for replacement insurance.

The brokers, maintaining that they never dealt directly with the insurer and that their contractual undertaking to provide the requested insurance was based upon the intentional misrepresentations of an intermediary, third-party defendant Zerlanko, seek to assert as defenses impossibility of performance and frustration of contract. We agree with the IAS court that these defenses are plainly without merit.

Concerning impossibility of performance, if the alleged misrepresentations occurred in the process of contract formation, and not subsequent to the brokers' undertaking to procure the insurance, then it cannot be said that performance became impossible because of an intervening, unanticipated event *(Kel Kim Corp. v Central Mkts.,* 70 NY2d 900). If the fraud occurred after contract formation, it is completely irrelevant, since the contractual undertaking could not have been made in reliance on the misrepresentation. Concerning frustration of contract, if the brokers are credited, then performance was frustrated not by some unanticipated, intervening event, but by misinformation supplied by a third party. It was certainly foreseeable that Zerlanko might have been dishonest or mistaken, and the brokers could have required more positive proof that the insurer had agreed to issue the insurance requested.

However, we disagree with the IAS court that the brokers should be permitted to assert that plaintiff is not the real party in interest. Although plaintiff does not bear ultimate fiscal responsibility for the operation of its stations, which falls upon various municipalities, it is the entity that owns and operates the stations. Moreover, even if plaintiff were not the real party in interest, no purpose would be served in permitting such a defense, since, the Statute of Limitations having expired, there is no threat that any non-party might

raise an identical claim against defendants. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Kassal, JJ.